UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-24972-WPD

TERRY WHITE, as Personal
Representative of the Estate of
DULCIE WHITE, and MEGAN
KLEWIN, individually,

    Plaintiffs,
v.

ROYAL CARIBBEAN GROUP,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS
COUNT III OF PLAINTIFFS' COMPLAINT**

Defendant, ROYAL CARIBBEAN GROUP, by and through undersigned counsel and pursuant to the applicable Rules of Civil Procedure, hereby files its Motion to Dismiss Plaintiffs' Complaint [D.E. 1], and states:

**INTRODUCTION**

This is a maritime action arising from the death of Dulcie White ("Decedent"), who fell overboard from a cabin balcony while a passenger aboard Defendant's vessel, the *Allure of the Seas*. Terry White, as the personal representative of Decedent's Estate, alleges negligence based on allegations related to the over-service of alcohol (Count I) and an alleged negligent search and rescue (Count II) after Decedent fell overboard.

Separately, Plaintiff Megan Klewin asserts an individual claim (Count III) for negligent infliction of emotional distress ("NIED"). While the Complaint does not explicitly invoke the Death on the High Seas Act ("DOHSA"), it appears from the nature of the alleged damages in

Counts I and II that Plaintiffs acknowledge DOHSA's applicability, which limits Plaintiffs' recovery to pecuniary damages with regard to Decedent's death. [D.E. 1, ¶45; ¶63]. Therefore, the present motion focuses on Count III, which is Megan Klewin's individual claim for NIED.[1]

As further explained below, maritime law strictly limits NIED claims to plaintiffs who were within the "zone of danger," that is, those who sustained a physical impact or were threatened with imminent physical harm as a result of a defendant's alleged negligence. Mere observation of a traumatic event, even one involving a close family member, is insufficient as a matter of law. Because Count III relies on conclusory assertions and fails to allege specific facts demonstrating that Plaintiff Klewin was exposed to an imminent risk of physical injury, it does not meet the pleading standards required by Rule 12(b)(6) and should therefore be dismissed.

## MEMORANDUM OF LAW

### I.     This Action Is Governed by U.S. Maritime Law

This action is substantively controlled by United States general maritime law. Incidents occurring on navigable waters and/or bearing a significant relationship to traditional maritime activities are governed by general maritime law. *See e.g., Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984). Moreover, it is well settled that the law governing passenger suits against cruise lines is the general maritime law. *See e.g.*, Schoenbaum, Thomas J., Admiralty and Maritime Law §3-5 (4th Ed. 2004); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir.

---

[1] Because Defendant is filing the instant motion, Defendant need not answer the balance of the Complaint at this time. *Ferk v. Mitchell,* 2014 WL 7369646, n. 1, (S.D. Fla. 2014) citing *Beaulieu v. Bd. Of Trustees of Univ. of West Florida,* Case No. 3:07–cv–30, 2007 WL 2020161, *2 (N.D.Fla. July 9, 2007) (collecting cases examining Rule 12(a)(4) and Rule 12(b)(6) and concluding that "a party need not file an answer while a partial motion to dismiss is pending," and "Defendant's motion to dismiss, therefore, automatically extends its time to answer under Rule 12(a)(4) until after the court has ruled on Defendant's motion to dismiss."). Defendant respectfully submits that it will answer the Complaint as appropriate following the Court's ruling on this motion to dismiss.

1989). Here, according to the allegations of the Complaint, Decedent died after she "went overboard the ship from her balcony." [D.E. 1, ¶16]. Moreover, Plaintiffs agree that "[T]his Court has subject matter jurisdiction over the matter under the Admiralty and Maritime Jurisdiction of the Court pursuant to 28 U.S.C. § 1333." [D.E. 1, ¶1]. Accordingly, federal maritime law applies to the instant action.

    II.    **Legal Standard for Motion to Dismiss**

Dismissal for failure to state a claim is warranted "when it appears that the plaintiff has little or no chance of success, *i.e.*, when the complaint on its face makes clearly baseless allegations or relies on legal theories that are indisputably meritless." *Aruanno v. Martin County Sheriff*, 343 F. App'x 535, 536 (11th Cir. 2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009). To survive a Rule 12(b)(6) challenge, "a claim must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Fernandez v. Sch. Bd. Of Miami-Dade Cnty.*, 2015 U.S. Dist. LEXIS 172460, *6-7 (S.D. Fla. Dec. 29, 2015) (Gayles, J.) (internal citations omitted); *see also Gayou v. Celebrity Cruises, Inc.*, 2012 U.S. Dist. LEXIS 77536, at *6 (S.D. Fla. June 5, 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court in *Gayou* noted:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Thus, **<u>a pleading that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not survive dismissal</u>**.

*Id*. (quotations omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) (emphasis added).

### III. Plaintiff (Megan Klewin) Fails to State a Claim for Negligent Infliction of Emotional Distress.

"Admiralty law allows recovery for negligent infliction of emotional distress claims which pass the 'zone of danger' test." *Martins v. Royal Caribbean Cruises Ltd.*, 174 F.Supp.3d 1345, 1354-55 (S.D. Fla. 2016) (citing *Chaparro*, 693 F.3d at 1338) ("federal maritime law has adopted [the] application of the 'zone of danger' test which allows recovery if a plaintiff is placed in immediate risk of physical harm by [defendant's negligent] conduct) (internal citations omitted)). Under the "zone of danger" theory of NIED, a plaintiff can recover only for the resulting emotional distress caused by their fear for their own safety. Therefore, a plaintiff who was not injured by a defendant's negligent conduct may recover only if they were placed in immediate risk of physical harm as a consequence of defendant's negligence; it is not sufficient for the plaintiff to have witnessed an event that caused injury to another:

> [T]he zone of danger test limits recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct … In other words, those within the zone of danger can recover for fright, and those outside of it cannot ….
>
> Consequently, plaintiffs must allege more than merely being a witness to a traumatic event to sufficiently plead NIED; **the plaintiff must be, at least, threatened with imminent physical impact.**

*Martins*, 174 F.Supp.3d at 1354-55 (internal citations omitted) (emphasis added); *see also Gandhi v. Carnival Corp.*, No. 13-24509-CIV, 2014 WL 1028940, at *3 (S.D. Fla. Mar. 14, 2014) ("plaintiffs here must claim more than mere witness of a traumatic event to sufficiently plead negligent infliction of emotional distress.").

Here, Plaintiff Megan Klewin has not pled facts sufficient to place her within the maritime "zone of danger." The Complaint asserts, in conclusory terms, that "due to the negligence of

ROYAL, KLEWIN was placed inside the zone of danger and at immediate risk of physical harm when her mother's incident occurred…" [D.E. 1, ¶65]. It then offers only one purported factual basis for immediate risk of physical harm. Plaintiff alleges, "KLEWIN's risk of physical harm included, **<u>but is not limited to</u>**, falling off the ship on the subject balcony, since she tried to catch DECEDENT, but was unsuccessful." [D.E. 1, ¶66] (emphasis added).

These vague assertions, including the "but is not limited to" language, provide no concrete facts from which one may plausibly infer that Klewin was herself threatened with imminent physical impact. For example, it does not allege where Klewin was positioned on the balcony relative to the decedent, how close she was to the balcony edge or railing, whether she leaned over or climbed onto any item, whether she lost her footing, whether she was pulled or pushed toward the railing, whether she made physical contact with the decedent, or whether any action by the decedent created a realistic risk that Klewin would fall as well. Instead, Plaintiff reserves unspecified theories without pleading them, effectively asking the Court to accept the existence of additional unspecified bases for imminent harm without being told what they are.

Plaintiff provides no factual basis for the assertion that Klewin was exposed to an immediate risk of physical harm, as opposed to experiencing emotional distress from witnessing her mother's fall. The phrase "tried to catch" is precisely the type of ambiguous, label-like allegation that cannot carry the weight of an NIED claim. "Trying to catch" could mean anything from reaching out while standing securely away from the edge, to grabbing a person at the railing, to lunging forward, to stepping onto furniture. The Complaint does not plead which of those (if any) occurred. And without particulars, Defendant cannot reasonably infer that Klewin was "threatened with imminent physical impact," as maritime law requires. *Martins*, 174 F. Supp. 3d at 1354–55; *Gandhi*, 2014 WL 1028940, at *3.

Plaintiff's open-ended phrasing highlights the speculative nature of the claim. If Plaintiff contends that she faced additional, imminent risks of physical harm, she is required to plead as such with ***factual*** specificity. The Court and Defendant should not be forced to speculate as to what those unpled risks might be, nor to supply factual allegations that Plaintiffs themselves did not include.

This absence of detail matters because the maritime zone-of-danger test is not a "witness" test. Maritime NIED is compensable only when the plaintiff's emotional distress arises from fear for her own safety caused by the defendant's negligence. A plaintiff who suffers distress because she observed injury to another (even a close family member) does not state a maritime NIED claim unless she also plausibly alleges that she was placed in immediate risk of physical harm.[2] That is exactly why *Martins* and *Gandhi* emphasize that plaintiffs must allege more than "merely being a witness to a traumatic event." *Martins*, 174 F. Supp. 3d at 1354–55; *Gandhi*, 2014 WL 1028940, at *3.

Moreover, the Complaint does not plead facts showing that Klewin's alleged emotional distress was caused by fear for her own safety rather than by grief and shock from witnessing her mother's fall. The Complaint's damages allegations focus broadly on emotional harm from the event itself: "fear and anxiety," "fits of crying," "insomnia," "depression," "nightmares," etc. [D.E. 1, ¶67]. However, the Complaint does not connect those symptoms to an allegation that Klewin

---

[2] Courts reject claims for negligent infliction of emotional distress in the cruise line context where the alleged emotional distress resulted from witnessing a death. *See, e.g., Blair v. NCL (Bahamas) Ltd*., 212 F. Supp. 3d 1264 (S.D. Fla. 2016) (dismissing claim for negligent infliction of emotional distress where complaint alleged that parent suffered emotional distress because of witnessing efforts to save child and witnessing the child's death*); Nielson v. MSC Crociere, S.A*., 2011 U.S. Dist. LEXIS 158852, at *27-28 (S.D. Fla. June 14, 2011) (dismissing claim for negligent infliction of emotional distress where complaint alleged that the plaintiff suffered emotional distress because of witnessing his wife's death by drowning and did not allege his emotional distress was caused by fear of physical injury to himself); *Smith v. Carnival Corp*., 584 F. Supp. 2d 1343, 1355 (S.D. Fla. 2008)(dismissing claim for negligent infliction of emotional distress where the plaintiffs merely alleged they were present at the drowning of their mother and saw her die as a result of the cruise ship's negligence).

reasonably feared she would suffer imminent bodily harm. Put simply, the pleading seems to describe a bystander's trauma, not a plaintiff's exposure to imminent physical impact.

The Court should preclude Plaintiff from proceeding on an NIED theory where the operative pleading does not allege the basic factual circumstances necessary to meet the zone-of-danger test. Defendant respectfully submits that, if conclusory allegations like "I was in the zone of danger," coupled with an undefined attempt to "catch" another person were sufficient, then the zone of danger requirement would lose any limiting function.

Simply put, the Court should require factual specificity. As currently pled, Plaintiff's allegation regarding the risk of harm can be stretched to cover almost anything. The Court is not required to assume the existence of facts not pleaded, particularly where the facts are consistent with an entirely non-actionable scenario (*i.e.*, an individual witnessing a tragic event from a position of safety).

WHEREFORE, because Count III fails to properly plead facts demonstrating that Plaintiff Klewin was threatened with imminent physical impact, Count III fails to state a claim for negligent infliction of emotional distress and should be dismissed.

**Respectfully submitted,**

By: */s/ Richard J. McAlpin*
George S. Florez, Esq.
Florida Bar No.: 127331
gflorez@mfm-maritime.com
Richard J. McAlpin, Esq.
Florida Bar No.: 438420
rmcalpin@mfm-maritime.com
Michael Del Duca, Esq.
Florida Bar No.: 1058454
mdelduca@mfm-maritime.com
dduran@mfm-maritime.com
**McAlpin Florez Marcotte, P.A.**

80 S.W. 8th Street, Suite 2805<br>
Miami, FL 33130<br>
Tel: (305) 810-5400<br>
Fax: (305) 810-5401

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on Monday, December 22, 2025, the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing: Spencer Marc Aronfeld, *Attorneys for Plaintiff*, aronfeld@aronfeld.com, mhayashi@aronfeld.com, rsorrentino@aronfeld.com, Aronfeld Trial Lawyers, 1 Alhambra Plaza, Penthouse, Coral Gables, FL 33134.

By: <i>/s/ Richard J. McAlpin</i><br>
Richard J. McAlpin, Esq.