UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-24972-WPD

TERRY WHITE, as Personal
Representative of the Estate of
DULCIE WHITE, and MEGAN
KLEWIN, individually,

    Plaintiffs,
v.

ROYAL CARIBBEAN GROUP,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS**
**COUNTS II AND III OF PLAINTIFFS' AMENDED COMPLAINT [D.E. 12]**

Defendant, ROYAL CARIBBEAN GROUP, by and through undersigned counsel and pursuant to the applicable Rules of Civil Procedure, hereby files its Motion to Dismiss Counts II and III of Plaintiffs' Amended Complaint [D.E. 12], and states:

**INTRODUCTION**

This is a maritime action arising from the death of Dulcie White ("Decedent"), who fell overboard from a cabin balcony while a passenger aboard Defendant's vessel, the *Allure of the Seas*. Terry White, as the personal representative of Decedent's Estate, alleges negligence based on claims related to over-service of alcohol (Count I) and an alleged negligent search and rescue (Count II) after Decedent fell overboard. Separately, Plaintiff Megan Klewin asserts an individual claim (Count III) for negligent infliction of emotional distress ("NIED").

While the Complaint does not explicitly invoke the Death on the High Seas Act ("DOHSA"), it appears from the nature of the alleged damages in Counts I and II that Decedent's

Estate acknowledges DOHSA's applicability, which limits Decedent's Estate to recovery of pecuniary damages with regard to Decedent's death. [D.E. 12, ¶45; ¶63].

The present motion seeks dismissal of Count II (Negligent Search and Rescue Operation) and Count III (Megan Klewin's individual claim for Negligent Infliction of Emotional Distress).[1] As further explained below, Count II fails because it is premised on inapplicable legal standards and conclusory assertions of duty untethered to well-pleaded facts. Count III independently fails because maritime law strictly limits NIED claims to plaintiffs who were within the "zone of danger," that is, those who sustained a physical impact or were threatened with imminent physical harm as a result of a defendant's alleged negligence. Mere observation of a traumatic event, even one involving a close family member, is insufficient as a matter of law. Because Plaintiffs' Amended Complaint relies on conclusory assertions, Counts II and III do not satisfy Rule 12(b)(6) and should be dismissed.

## MEMORANDUM OF LAW

### I.     This Action Is Governed by U.S. Maritime Law

This action is substantively controlled by United States general maritime law. Incidents occurring on navigable waters and/or bearing a significant relationship to traditional maritime activities are governed by general maritime law. *See e.g., Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d

---

[1] Because Defendant is filing the instant motion, Defendant need not answer the balance of the Complaint at this time. *Ferk v. Mitchell,* 2014 WL 7369646, n. 1, (S.D. Fla. 2014) citing *Beaulieu v. Bd. Of Trustees of Univ. of West Florida,* Case No. 3:07–cv–30, 2007 WL 2020161, *2 (N.D.Fla. July 9, 2007) (collecting cases examining Rule 12(a)(4) and Rule 12(b)(6) and concluding that "a party need not file an answer while a partial motion to dismiss is pending," and "Defendant's motion to dismiss, therefore, automatically extends its time to answer under Rule 12(a)(4) until after the court has ruled on Defendant's motion to dismiss."). Defendant respectfully submits that it will answer the Complaint as appropriate following the Court's ruling on this motion to dismiss.

1332, 1334 (11th Cir. 1984). Moreover, it is well settled that the law governing passenger suits against cruise lines is the general maritime law. *See e.g.*, Schoenbaum, Thomas J., Admiralty and Maritime Law §3-5 (4th Ed. 2004); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989). Here, according to the allegations of the Complaint, Decedent died after she "went overboard the ship from her balcony." [D.E. 12, ¶16]. Moreover, Plaintiffs agree that "[T]his Court has subject matter jurisdiction over the matter under the Admiralty and Maritime Jurisdiction of the Court pursuant to 28 U.S.C. § 1333." [D.E. 12, ¶1]. Accordingly, federal maritime law applies to the instant action.

## II. Legal Standard for Motion to Dismiss

Dismissal for failure to state a claim is warranted "when it appears that the plaintiff has little or no chance of success, *i.e.*, when the complaint on its face makes clearly baseless allegations or relies on legal theories that are indisputably meritless." *Aruanno v. Martin County Sheriff*, 343 F. App'x 535, 536 (11th Cir. 2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009). To survive a Rule 12(b)(6) challenge, "a claim must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Fernandez v. Sch. Bd. Of Miami-Dade Cnty.*, 2015 U.S. Dist. LEXIS 172460, *6-7 (S.D. Fla. Dec. 29, 2015) (Gayles, J.) (internal citations omitted); *see also Gayou v. Celebrity Cruises, Inc.*, 2012 U.S. Dist. LEXIS 77536, at *6 (S.D. Fla. June 5, 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court in *Gayou* noted:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Thus, **a pleading that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not survive dismissal**.

*Id*. (quotations omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) (emphasis added).

### III. Plaintiffs' Count for Negligent Search and Rescue Fails to State a Claim.

#### a. Plaintiff Improperly Alleges a "Heightened" Standard of Care.

Plaintiff's Amended Complaint pleads an internally inconsistent and legally incorrect standard of care. On the one hand, Plaintiff alleges that a man-overboard event is "fundamentally measured by a heightened degree of care." [D.E. 12, ¶54]. On the other hand, Plaintiff immediately cites *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989), which expressly holds the opposite.

*Keefe* reaffirmed that a shipowner's duty to passengers is ordinary reasonable care under the circumstances, not a "high," "very high," or "highest" degree of care. *Id.* at 1321–22. Indeed, the Eleventh Circuit made clear that maritime law does not impose common-carrier or insurer-level liability on cruise operators, and that liability turns on whether the carrier exercised reasonable care and had actual or constructive notice of the alleged risk-creating condition. *Id.*

Plaintiff's reliance on *Keefe* therefore undermines, rather than supports, the heightened-duty theory in Paragraph 54 of Plaintiff's Amended Complaint. In short, Plaintiff's Amended Complaint simultaneously pleads two incompatible standards of care, a "heightened" care and "ordinary reasonable" care, while citing authority that recognizes only the latter. Plaintiff should not be permitted to elevate the pertinent duty of care merely by labeling an incident "nautical" in nature. Therefore, to the extent Count II is premised on a heightened duty, that theory fails as a matter of law and should be rejected. The proper standard remains ordinary reasonable care under the circumstances, as articulated in *Keefe*.

**b. Plaintiff Relies on Inapplicable Statues, Codes, Rules, etc. to Manufacture Duties That Do Not Exist.**

In addition to improperly attempting to elevate Defendant's standard of care, the Amended Complaint seeks to impose liability by invoking a collection of statutes, international conventions, internal corporate manuals, and even specific commercial products, none of which are pled in a manner that establishes a cognizable maritime duty applicable to the alleged incident.

Plaintiff alleges, in conclusory fashion, that Defendant's duty of reasonable care "included, but was not limited to" obligations arising under "applicable U.S. maritime common law, statutes, codes, and other regulations, guidelines, standards, and otherwise." [D.E. 12, ¶48]. Plaintiff then provides a laundry list of purported "violations," including violations of:

- the Cruise Vessel Security and Safety Act ("CVSSA"),

- Safety of Life at Sea ("SOLAS"),

- the International Safety Management Code ("ISM Code"),

- Certification and Watchkeeping for Seafarers, 1978 ("STCW"),

- International Ship and Port Facility Security Code ("ISPS"), and

- the Maritime Transportation Security Act ("MTSA").

[D.E. 12, ¶49].

However, the Amended Complaint does not plead which provisions of any of these statutes or conventions apply to the alleged circumstances, does not allege what conduct violated any specific provision, and does not plead facts showing how any such violation caused either the Decedent's fall or any alleged deficiencies in Defendant's search and rescue response. Instead, Plaintiff simply lists purported authorities in the abstract and assert, as a legal conclusion, that Defendant "breached its duty." [D.E. 12, ¶50].

Defendant respectfully submits that this legal conclusion is not sufficient to survive a motion to dismiss. To survive dismissal, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must contain factual content that allows the Court to draw a reasonable inference of liability. It cannot rely on "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. Again, as *Iqbal* makes clear, courts are not required to accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." 556 U.S. 662, 678 (2009). Applying those principles, the Eleventh Circuit has instructed that "in considering a motion to dismiss, a court should eliminate any allegations in the complaint that are merely legal conclusions." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011). Moreover, where a pleading alleges only the "mere possibility" of wrongdoing, dismissal is required. *Balaschak v. Royal Caribbean Cruises, Ltd*., 2009 U.S. Dist. LEXIS 126949, at *1 (S.D. Fla. Sept. 14, 2009).

Here, the conclusory nature of the Amended Complaint is further illustrated by Plaintiff's attempt to impose an affirmative duty on Defendant to install particular commercial technologies by name. Plaintiff alleges that Defendant was negligent for failing to integrate the "Mobtronic system developed by MARSS, a subsidiary of US company FLIR Systems," as well as the "Man Overboard Detection System from PureTech Systems." [D.E. 12, at p. 10, ¶49]. Yet, the Amended Complaint cites no legal authority mandating the use of these systems. Even accepting Plaintiff's factual allegations as true, Plaintiff's theory would convert every commercially available safety product into a legal mandate, even where no statute, regulation, or recognized maritime standard imposes such a requirement. Plaintiff does not (and cannot) allege that maritime law imposes such an obligation, or that any binding authority establishes their use as the standard of care.

Notwithstanding, Plaintiff pleads the absence of specific proprietary products in a manner that reads much like a negligence *per se* claim.

On that note, Plaintiff's reference to the Pennsylvania Rule further illustrates the unfocused and overinclusive way Count II is pled. Plaintiff claims that Defendant's alleged statutory noncompliance "invokes the Pennsylvania Rule and shifts the burden of proof at trial to ROYAL." [D.E. 12, ¶51]. This is not a factual allegation, but rather a legal argument concerning evidentiary consequences. Nonetheless, even if such an assertion were proper, the pleading remains deficient.

For the Pennsylvania Rule to apply, Plaintiff must allege a (1) statutory rule; (2) intended to prevent collisions; (3) which Defendant was violating; (4) at the time of a collision or allision. *In Re: Superior Constr. Co., Inc.*, 445 F.3d 1334, 1340 (11th Cir. 2006) (quoting *The Pennsylvania*, 86 U.S. 125, 136, 22 L. Ed. 148 (1873)). Plaintiff alleges none of this. From the onset, Defendant submits that Plaintiff has no good faith basis for contending that a collision or allision in any way caused or contributed to the subject incident. Defendant understands that the parties are in the pleading stage, but "[n]evertheless, the Court must be judicious in examining whether any particular legal framework, including the Pennsylvania Rule, could plausibly provide the grounds for [Plaintiff's] entitlement to relief under the facts alleged." *Scouten v. NCL (Bah.) Ltd.*, No. 08-21485-CIV-MORENO, 2009 U.S. Dist. LEXIS 132535, at *6 (S.D. Fla. Mar. 3, 2009).

Here, the Amended Complaint does not identify any specific statute, regulation, or provision that Defendant allegedly violated that would trigger application of the Pennsylvania Rule. It does not plead what precise duty was breached, what conduct constituted the violation, or how any such violation bears a causal relationship to the incident alleged. Instead, Plaintiff appears

to simply declare that the burden has shifted, without alleging the underlying facts necessary to support that conclusion. Therefore, Plaintiff's pleading is improper.

For the foregoing reasons, Plaintiff's allegations do not permit the Court to draw a reasonable inference as to how exactly Plaintiff asserts Defendant performed a negligent search and rescue after Decedent went overboard. Accordingly, Defendant respectfully submits that Count II should be dismissed to the extent it is premised on inapplicable statutes, international conventions, internal policies, proprietary technology preferences, and conclusory burden-shifting theories, rather than well-pleaded facts establishing a cognizable maritime duty and breach.

**IV.  Count III Should Be Dismissed Because Plaintiff (Megan Klewin) Fails to State a Claim for Negligent Infliction of Emotional Distress.**

On October 28, 2025, Plaintiffs filed their original Complaint asserting, among other claims, a cause of action for negligent infliction of emotional distress on behalf of Megan Klewin. [D.E. 1]. Defendant moved to dismiss Count III for failure to state a claim under governing maritime law, specifically on the ground that Plaintiffs had not plausibly alleged that Klewin was placed in the maritime "zone of danger." [D.E. 11]. Rather than oppose that motion, Plaintiffs elected to amend their pleading. Plaintiffs filed their First Amended Complaint, again asserting a claim for negligent infliction of emotional distress on behalf of Megan Klewin in Count III. [D.E. 12, at p. 16].

As set forth below, the Amended Complaint does not cure the deficiencies identified in Defendant's prior motion. Instead, it adds narrative detail while continuing to rely on speculative and legally insufficient allegations that do not establish immediate risk of physical harm to Klewin as required under maritime law. Because Plaintiffs' amendment does not cure the legal defects identified in Defendant's original motion, Count III should be dismissed with prejudice.

"Admiralty law allows recovery for negligent infliction of emotional distress claims which pass the 'zone of danger' test." *Martins v. Royal Caribbean Cruises Ltd.*, 174 F.Supp.3d 1345, 1354-55 (S.D. Fla. 2016) (citing *Chaparro*, 693 F.3d at 1338) ("federal maritime law has adopted [the] application of the 'zone of danger' test which allows recovery if a plaintiff is placed in immediate risk of physical harm by [defendant's negligent] conduct) (internal citations omitted)). Under the "zone of danger" theory of NIED, a plaintiff can recover only for the resulting emotional distress caused by their fear for their own safety. Therefore, a plaintiff who was not injured by a defendant's negligent conduct may recover only if they were placed in immediate risk of physical harm as a consequence of defendant's negligence; it is not sufficient for the plaintiff to have witnessed an event that caused injury to another:

> [T]he zone of danger test limits recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct … In other words, those within the zone of danger can recover for fright, and those outside of it cannot ….
>
> Consequently, plaintiffs must allege more than merely being a witness to a traumatic event to sufficiently plead NIED; **the plaintiff must be, at least, threatened with imminent physical impact.**

*Martins*, 174 F.Supp.3d at 1354-55 (internal citations omitted) (emphasis added); *see also Gandhi v. Carnival Corp.*, No. 13-24509-CIV, 2014 WL 1028940, at *3 (S.D. Fla. Mar. 14, 2014) ("plaintiffs here must claim more than mere witness of a traumatic event to sufficiently plead negligent infliction of emotional distress.").

Here, Plaintiff Megan Klewin has not pled facts sufficient to place her within the maritime "zone of danger." The Complaint asserts, in conclusory terms, that "due to the negligence of ROYAL, KLEWIN was placed inside the zone of danger and at immediate risk of physical harm when her mother's incident occurred…" [D.E. 12, ¶65]. It then alleges "KLEWIN's risk of

physical harm included, **but is not limited to**, falling off the ship on the subject balcony, since she tried to catch DECEDENT, but was unsuccessful." [D.E. 12, ¶67] (emphasis added).

These vague assertions, including the "but is not limited to" language, provide no concrete facts from which one may plausibly infer that Klewin was herself threatened with imminent physical impact. Moreover, Plaintiff seems to reserve unspecified theories without pleading them, effectively asking the Court to accept the existence of additional unspecified bases for imminent harm without being told what they are.

Notwithstanding, the allegations Klewin *does* set forth fail to state a claim. Plaintiff's initial Complaint [D.E. 1] failed to allege where Klewin was positioned on the balcony relative to the Decedent, how close she was to the balcony edge or railing, whether she leaned over or climbed onto any item, whether she lost her footing, whether she was pulled or pushed toward the railing, whether she made physical contact with the decedent, or whether any action by the Decedent created a realistic risk that Klewin would fall as well.

Now, the centerpiece of Klewin's amendment is Paragraph 66 of the Amended Complaint, wherein she alleges that she jumped off a bed and "attempted to reach" the Decedent but "missed grabbing DECEDENT by a matter of inches." [D.E. 12, ¶66]. Critically, the Amended Complaint then asserts: "If KLEWIN had caught DECEDENT, she most certainly would've went over herself…" *Id.* This allegation is fatal to Count III.

Maritime NIED liability requires actual exposure to imminent physical harm, not hypothetical danger based on what might have occurred under different circumstances. *Martins*, 174 F. Supp. 3d at 1354–55. Based on her own pleading, Klewin did not catch the Decedent, did not go over the railing, did not lose her balance, and did not suffer any physical impact. The alleged "risk" exists only in hindsight and imagination. To survive dismissal, Klewin asks the Court to

believe she "most certainly" would have been injured if something else had happened. [D.E. 12, ¶66]. However, she does not allege *facts* establishing that she was actually at risk in this case. Instead, she speculatively alleges an alternate reality where something *could* have happened, but speculative assertions that a plaintiff would have been injured if something else had happened do not satisfy the zone-of-danger test.

Moreover, proximity and attempted assistance do not establish imminent physical harm. The Amended Complaint emphasizes that Klewin was "close enough to watch the fall happen" and in "close proximity to the balcony edge." [D.E. 12, ¶66]. But proximity alone is not enough. Notably absent from the Amended Complaint are any allegations that, for example, Klewin leaned over or crossed the balcony railing, stood on furniture, lost her balance, was pulled or pushed, made physical contact with the decedent, or otherwise faced a loss of bodily control. Absent such facts, Count III remains a bystander claim, which is not actionable under maritime law. *Gandhi*, 2014 WL 1028940, at *3.

Moreover, the Complaint does not plead facts showing that Klewin's alleged emotional distress was caused by fear for her own safety rather than by grief and shock from witnessing her mother's fall. The Amended Complaint's damages allegations focus broadly on emotional harm from the event itself: "fear and anxiety," "fits of crying," "insomnia," "depression," "nightmares," etc. [D.E. 12, ¶68]. However, the Complaint does not connect those symptoms to an allegation that Klewin reasonably feared she would suffer imminent bodily harm. Put simply, the pleading seems to describe a bystander's trauma, not a plaintiff's exposure to imminent physical impact.

The Court should preclude Plaintiff from proceeding on an NIED theory where the operative pleading does not allege the basic factual circumstances necessary to meet the zone-of-danger test. Defendant respectfully submits that if conclusory allegations like "I was in the zone

of danger," coupled with an undefined attempt to "catch" another person were sufficient, then the zone of danger requirement would lose any limiting function.

Simply put, the Court should require factual specificity. As currently pled, Plaintiff's allegation regarding the risk of harm can be stretched to cover almost anything. The Court is not required to assume the existence of facts not pleaded, particularly where the facts are consistent with an entirely non-actionable scenario (*i.e.*, an individual witnessing a tragic event from a position of safety).

WHEREFORE, because Counts II and III fail to properly plead facts sufficient to state a cognizable claim, Defendant respectfully request that the Court enter an Order dismissing said counts, in addition to any relief the Court deems just and proper.

**Respectfully submitted,**

By: */s/ George S. Florez*
George S. Florez, Esq.
Florida Bar No.: 127331
gflorez@mfm-maritime.com
Richard J. McAlpin, Esq.
Florida Bar No.: 438420
rmcalpin@mfm-maritime.com
Michael Del Duca, Esq.
Florida Bar No.: 1058454
mdelduca@mfm-maritime.com
dduran@mfm-maritime.com
**McAlpin Florez Marcotte, P.A.**
80 S.W. 8th Street, Suite 2805
Miami, FL 33130
Tel: (305) 810-5400
Fax: (305) 810-5401

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on Tuesday, January 20, 2026, the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing: Spencer Marc Aronfeld, *Attorneys for Plaintiff*, aronfeld@aronfeld.com, mhayashi@aronfeld.com, rsorrentino@aronfeld.com, Aronfeld Trial Lawyers, 1 Alhambra Plaza, Penthouse, Coral Gables, FL 33134.

By: */s/ George S. Florez*
George S. Florez, Esq.